**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
REINA TRUST BUILDING, INC,

Plaintiff,

-against-

VOYA SERVICES COMPANY and
VOYA FINANCIAL, INC.,

Defendant.
---------------------------------------------------------------------

**25 Civ. 4255 (JAV) (GS)**

**<u>OPINION & ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of the letter motion of Defendants Voya Services Company and Voya Financial, Inc. (collectively, "Defendants" or "Voya") to stay discovery pending resolution of their motion to dismiss. (Dkt. No. 66). Plaintiff Reina Trust Building, Inc. ("Plaintiff" or "Reina") opposes the motion. (Dkt. No. 67). For the reasons set forth below, Voya's motion is **GRANTED IN PART and DENIED IN PART**.

## LEGAL STANDARDS

"District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL1409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see* Fed. R. Civ. P. 26(c). "The party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (internal citation omitted). "[A] stay of discovery is the exception and not the rule in this District." *Dobbs v. Bank of New York Mellon*, No.

25 Civ. 2114 (JAV), 2025 WL 2382318, at *2 (S.D.N.Y. July 21, 2025) (citation omitted). "An overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (cleaned up).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 185 (S.D.N.Y. 2025) (quoting *Rep. of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In determining whether there is good cause to stay discovery, courts assess "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Castillo v. Seviroli Foods, Inc.*, No. 21 Civ. 0005 (ERK) (JMW), 2021 WL 5416625, at *1 (E.D.N.Y. Nov. 19, 2021) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

## DISCUSSION

### A. The Strength of Voya's Motion to Dismiss

First, the Court considers "the strength of the pending motion forming the basis of the request for stay." *Rep. of Turk.*, 316 F. Supp. 3d at 577 (citation omitted). In doing so, the Court will not prejudge the motion to dismiss, as "a motion for a stay is not a vehicle for jumping the queue to receive a preliminary

ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021). Rather, "[w]hen determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Brawer*, 348 F.R.D. at 186 (quoting *Nielsen Co. (US) v. TVSquared LTD*, No. 23 Civ. 1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023)). "Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions." *Nielsen*, 2023 WL 4363005, at *1 (quoting *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)).

Based on a high-level review of the parties' briefs on the motion to dismiss, the Court cannot say that Reina's claims are facially without merit. Both Voya and Reina present facts and law supporting their respective positions on the key underlying dispute: whether Voya incurred an obligation to pay Reina under the parties' Master Services Agreement ("MSA") for work related to a multi-year project beginning in 2024. The MSA states that that "[i]f requested by [Voya Services], [Reina] will provide certain services to [Voya Services] as further described in a[] [statement of work ('SOW')]." (Dkt. No. 39 Ex. A § 1). Voya argues that the MSA "unambiguously required a 'duly executed' statement of work [] for Voya to be obligated to pay Reina." (Dkt. No. 66 at 1). Reina argues that Voya's interpretation

of the agreement "reads language into the MSA that simply does not exist" and further contradicts "the language of the MSA and the parties' course of conduct." (Dkt. No. 67 at 3). And even if the MSA required an SOW prior to payment or rendering services, Reina argues, Voya waived that requirement through its conduct. (Dkt. No. 55 at 17–19; *see also* Dkt. No. 67 at 3 (arguing that text of MSA and parties' "course of conduct . . . . easily support [Reina's] breach of contract or quasi breach of contract claims")). Voya, of course, disputes that contention. (*See* Dkt. No. 66 at 2).

The parties' motion to dismiss briefs present facially reasonable interpretations of the MSA. (*See* Dkt. Nos. 52 at 6–7 (Voya's interpretation) & 55 at 11–13 (Reina's interpretation)). Moreover, determining whether Voya waived any SOW requirement through its conduct requires a fact-intensive analysis of the Amended Complaint and the twenty-two attached exhibits. (*See generally* Dkt. No. 39). Reina therefore is "not without facts or law to support the sufficiency of [its] complaint, and . . . the ultimate resolution of the motion[] to dismiss will likely require a close review of the sufficiency of [Reina's] factual allegations." *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *3 (S.D.N.Y. Feb. 15, 2023). Accordingly, Reina "has not brought the kind of facially deficient complaint that merits a stay of discovery." *Id.*[1]

---

[1] Because the Court finds that at least one of Plaintiff's claims may survive, the Court need not address each of Plaintiff's causes of action. *DK Gentile & Co. Inc. v. Glob. Indus. Distribution Inc.*, No. 25 Civ. 6810 (NJC) (JMW), 2026 WL 1948966, at *3 (E.D.N.Y. July 6, 2026).

Voya also argues for a stay because its motion to dismiss "may significantly narrow or eliminate the issues remaining in the case." (Dkt. No. 66 at 2 (quoting *Lu v. Cheer Holding, Inc.*, No. 24 Civ. 459 (RA) (GS), 2024 WL 1718821, at *3 (S.D.N.Y. Apr. 19, 2024)). Voya asserts that because it terminated the operative agreement in 2024, "[d]iscovery relating to years of hypothetical contractual performance in 2025 and 2026 would be wasteful where there is no path to recovery for any such damages." (Dkt. No. 66 at 2). But Reina states that the majority of its alleged damages stem from services rendered in 2024, not services to be performed in 2025 and 2026. (*See* Dkt. No. 67 at 3; Dkt. No. 39 ¶¶ 129, 137). Moreover, the possibility that Voya's motion to dismiss will narrow the relevant timeframe at play does not support a stay of *all* discovery. *See Islam v. Cuomo*, No. 20 Civ. 2328 (LDH) (CLP), 2021 WL 12321042, at *2 (E.D.N.Y. June 14, 2021) ("Although the defendants argue that the motion to dismiss, if granted, will 'at the very least,' significantly limit the scope of the litigation and truncate the breadth of discovery, this alone is not sufficient good cause to stay all discovery." (internal citation omitted)).

This factor therefore weighs against a stay.

**B. Burden and Breadth of Discovery**

As for the next factor, the party seeking a stay must "proffer specific reasons why discovery is likely to be unusually complex" or "burdensome." *Combs v. Burgess*, No. 25 Civ. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026) (citing *Mirra*, 2016 WL 889559, at *2). "[T]hreadbare assertions of expense or burden do not rise to the level of prejudice for purposes of staying discovery."

*Thomas v. L. Offs. of Steven Cohen, LLC*, No. 23-CV-6453-EAW-MJP, 2024 WL 21547, at *4 (W.D.N.Y. Jan. 2, 2024). "[S]ome burden exists in all discovery." *Brawer*, 348 F.R.D. at 186. The moving party must therefore "present[] specific facts as to burden" for the Court to stay discovery. *Id.*

Voya has failed to put forth facts indicating a substantial burden or breadth of discovery in this case. (*See* Dkt. No. 66 at 2). It first asserts that the damages sought by Reina amount to over $5.2 million, and that the case involves a "proposed multi-year project." (*Id.*). That may well be true, but the asserted complexity of the case does not inherently mean that the discovery requests will be overbroad or substantially burdensome. *See, e.g., DK Gentile*, 2026 WL 1948966 at *6 (no substantial burden in case involving "multiple complex claims" because, *inter alia*, "[defendants] have not specifically pointed out any requests as unusually complex that deviate from the normal burdens of discovery"); *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22 Civ. 7996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023) (defendant failed to show substantial burden where assertions regarding "broad discovery and numerous high-level depositions [did] not move beyond generally describing the costs of participating in standard civil discovery"). Voya "has not quantified the volume of documents at issue or the expense associated with" discovery in this action such that the Court could find discovery to be *overly* burdensome. *Berkley Ins. Co. v. Weddle L. PLLC*, No. 24 Civ. 8108 (JAV), 2025 WL 2198063, at *1 (S.D.N.Y. Aug. 1, 2025); *see also Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025)

(burden not shown where claims turned on common facts, there were no individual defendants and no assertion that a large number of fact witnesses would be implicated, all parties were local, and discovery did not implicate complex operations such as foreign language documents or overseas witnesses and records). Voya must explain with specificity why discovery would be unusually complex or burdensome. *Combs*, 2026 WL 205571 at *2. Pointing out the basic underlying facts of the case does not satisfy that burden.

To be sure, Voya suggests that certain allegations in the Amended Complaint "indicate[] a desire for scorched earth discovery to pressure settlement." (Dkt No. 66 at 2). In support, Voya points to Reina's allegedly "false and irrelevant" accusation of accounting irregularities. (*Id.*). Voya's argument lacks merit. Even if the allegations regarding accounting irregularities are "false and irrelevant," that by no means compels the conclusion that Reina is planning "scorched earth discovery" regarding that issue. (*See id.*). That speculative, conclusory assertion, based on Voya's impression of Reina's allegations, does not help Voya show that discovery is likely to be overly burdensome. *See Mirra*, 2016 WL 889559, at *2 ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."). Voya's general and conclusory arguments therefore do not support a stay of discovery.

**C. Prejudice to the Non-Movant**

Finally, a party claiming undue prejudice from a stay of discovery must show "improper or unfair treatment amounting to something less than irreparable harm."

*In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. May 5, 2003) (citing *Vacold LLC v. Cerami,* 00 Civ. 4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001)).

Staying this action will not cause undue prejudice to Reina. Reina argues that "[t]his is a case that 'will rely upon the recollection of witnesses' and the Court 'cannot entirely discount that there will be prejudice from fading memories.'" (Dkt. No. 67 at 2 (quoting *Florence v. 72andSunny Partners, LLC*, 25 Civ. 7082 (LJL), 2026 U.S. Dist. LEXIS 19039, at *2 (S.D.N.Y. Jan. 30, 2026)). However, Reina's claim of prejudice is undercut by its own delay in requesting a Rule 16(f) conference. Reina filed its Amended Complaint on July 30, 2025. (Dkt. No. 39). Voya filed its motion to dismiss on September 5, 2025. (Dkt. Nos. 51–52). Briefing on the motion was completed on October 10, 2025. (*See* Dkt. No. 57). But Reina waited over nine months after Voya's motion to dismiss was fully briefed before raising the possibility of discovery, despite its awareness that "it is not [Judge Vargas's] practice to stay discovery while a dispositive motion is pending." (Dkt. No. 61).[2] Reina cannot claim prejudice due to fading memories while simultaneously taking no steps to counteract that prejudice for more than nine months. Nor does Reina explain why that delay was reasonable under the circumstances.

---

[2] The Court does not agree with Voya's assertion that Reina delayed seeking discovery for fourteen months. (*See* Dkt. No. 66 at 2). Removal, the submission of Voya's first motion to dismiss (Dkt. No. 29), Reina's Amended Complaint (Dkt. No. 39), and the subsequent motion to dismiss briefing (Dkt. Nos. 52, 55, 57) make it reasonable for Reina to not have raised the need for discovery between May and October 2025.

Reina next argues that because Voya possesses "the lion's share of communications and discovery . . . . [i]t would be substantially unjust to allow Voya to prepare their defense, communicate with [] third parties, and review their large database of documents, while keeping Reina in the dark." (Dkt. No. 67 at 2). However, the cases cited by Reina are inapposite. In *In re AOL Time Warner, Inc. Sec. Litig.*, No. 06 Civ. 0695 (SWK), 2006 WL 1997704 (S.D.N.Y. July 13, 2006), the court lifted the automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA") to permit AOL Time Warner to conduct discovery because plaintiffs possessed "approximately fourteen million documents" that AOL Time Warner had produced in related class actions, allowing plaintiffs to enjoy "the substantial benefits of discovery, while Time Warner [had to] wait on the resolution of any motions to dismiss." *Id.* at *3. This "unique circumstance[]," *id.*, is not present here. And in *Khan v. New York City*, 757 F. Supp. 3d 327 (E.D.N.Y. 2024), the court identified prejudice related to the plaintiff's "ability to gather relevant evidence needed to prosecute his claims effectively" given that the motion to dismiss at issue did not cover all of plaintiff's claims. *See id.* at 335, 336.

Beyond the potential information asymmetry that is commonplace in early-stage litigation, the fact that Voya possesses "the lion's share of communications and discovery" does not alone give Voya an unduly prejudicial or unfair advantage. Possessing relevant communications does not equate to the situation in *AOL Time Warner*, where the party opposing the stay had millions of *produced* communications from a parallel action, and AOL Time Warner did not have

commensurate access to plaintiffs' documents. *See In re AOL Time Warner*, 2006 WL 1997704, at *3. In addition, possessing the majority of potentially relevant documents does not imply that Voya has collected, processed, or reviewed those documents in a manner that creates an unfair advantage. The Court therefore does not find that Reina will face undue prejudice from a stay in discovery. That conclusion applies with more force given the early stages of this case. *See Saifuddin Bin Abdul-Aziz v. Hall*, No. 26 Civ. 2792 (JAV) (KHP), 2026 WL 2607724, at *2 (S.D.N.Y. Sept. 3, 2026) (explaining that "in the early stages, a discovery stay will not unduly prejudice Plaintiff" and collecting cases).

**D. Overall Assessment**

In sum, the first and second factors weigh in favor of proceeding to discovery, while the third factor weighs in favor of a stay. But "[g]ood cause not otherwise having been shown, lack of prejudice does not justify a stay." *Maxwell*, 2016 WL 254932, at *2; *see also Combs*, 2026 WL 20557, at *2 ("[A]lthough the Court agrees that [Plaintiff] is unlikely to be prejudiced by a stay of discovery, lack of prejudice alone does not merit a stay." (citation omitted)). The Court therefore denies Voya's request for a complete stay of discovery.

"[C]ourts ofttimes grant in part a motion to stay discovery and permit limited discovery pending resolution of a dispositive motion." *Miller v. Trans Union, LLC*, No. 25 Civ. 3370 (JS) (JMW), 2025 WL 2677078, at *4 (E.D.N.Y. Sept. 18, 2025). The Court will follow that approach here. By its own reckoning, Voya's motion to dismiss appears more likely to eliminate claims regarding events that occurred

after Voya allegedly terminated the MSA on December 23, 2024. (*See* Dkt. No. 66 at 2; Dkt. No. 52 at 15 ("If this Court does not dismiss Reina's claims completely, it should dismiss at least Reina's claims for the period after Voya indisputably terminated its contractual relationship with Reina.")). Some discovery regarding this earlier period would be appropriate now, while deferring discovery regarding subsequent events until after resolution of the motion to dismiss. *See Alternative Energy Se., Inc. v. Cardconnect, LLC*, No. 26 Civ. 944 (SJB) (JMW), 2026 WL 1785218, at *5 (E.D.N.Y. June 22, 2026) (permitting limited discovery where first two factors favored discovery and third factor favored stay).

The Court therefore will permit so-called "paper" discovery, limited to events occurring on or before December 23, 2024. The Court stays discovery regarding events occurring after that date, and further stays depositions and expert discovery pending resolution of Voya's motion to dismiss to avoid needless expense. *See, e.g.*, *Choudhury*, 2025 WL 2977837, at *5 (staying depositions and expert discovery); *Lanaia v. Trans Union LLC*, No. 26 Civ. 1903 (ENV) (JMW), 2026 WL 1905990, at *4 (E.D.N.Y. July 2, 2026) (staying depositions). The Court shall schedule an initial case management conference under separate cover.

## CONCLUSION

For the foregoing reasons, Voya's letter motion to stay discovery is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is respectfully requested to terminate the motion pending at Docket Number 66.

**SO ORDERED.**

DATED: New York, New York
November 4, 2026

The Honorable Gary Stein
United States Magistrate Judge